**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**


| | |
|---|---|
| **EDWARD WRIGHT,** )<br>    **Plaintiff,** )<br> )<br>    **v** )  **2:12-cv-503**<br> )<br>**EAST PITTSBURGH POLICE DEPARTMENT,** )<br>**CHIEF LORI PAYNE and UNKNOWN POLICE** )<br>**OFFICERS,** )<br>    **Defendants.** )<br> ) | |


<u>**MEMORANDUM OPINION AND ORDER**</u>

On September 5, 2012 the Court issued a Show Cause Order pursuant to Fed. R. Civ. P. 4(m), which directed Plaintiff Edward Wright ("Wright") to show good cause on or before September 14, 2012 why his Complaint should not be dismissed without prejudice for failure to effectuate timely service.  Wright filed a response by way of a one-page typewritten letter that was mailed on September 12, 2012 and received by the Court on September 17, 2012 (Document No. 7).  On September 28, 2012 Defendants filed a comprehensive Reply to Plaintiff's Response to Rule to Show Cause (Document No. 11), which they framed in the alternative as a Motion to Dismiss the Complaint with prejudice pursuant to Fed. R. Civ. P. 12 (4/5 and 6), with a brief in support.  The matter is now ripe for disposition.


<u>Factual and Procedural Background</u>

Although the Complaint in this case is somewhat lacking in details, it appears that on April 18, 2010 a car driven by Plaintiff's wife, Anita White, was subject to a traffic stop by an unknown East Pittsburgh police officer.  Plaintiff alleges that the officer refused to allow Ms. White to continue to drive the vehicle and forced her to walk on a dangerous stretch of highway.

The Complaint further alleges that Ms. White was arrested for disorderly conduct later that evening and had unexplained injuries to her face.  In addition, the Complaint alleges that unknown police officers failed to transport Ms. White to the nearest hospital when she experienced chest pains.  Ms. White allegedly died later that evening.

On April 17, 2012 – the day prior to the expiration of the statute of limitations --  Wright filed a pro se motion to proceed in forma pauperis, with an attached Complaint.  Named as Defendants were the East Pittsburgh Police Department, Chief Lori Payne, and "unknown police officers."  By Order dated August 2, 2012, the Court denied Wright's request for appointment of counsel.   On September 5, 2012, with the Plaintiff having failed to serve the summons and complaint upon any defendant within 120 days after the filing of the Complaint, the Court issued an Order to Show Cause why this case should not be dismissed.

In his one-page response, Wright acknowledged that he had missed the 120-day time limit by two days.  He explained that he had mailed out the summons; waited for a response; relocated to Toledo, Ohio; suffered from unspecified medical problems which resulted in a three-day hospital stay; and helped his daughter "with getting my grandson in school."  Wright also explained that he did not realize so much time had passed by.  He asked the Court to allow him to proceed with his case.

Defendants raise several allegedly fatal flaws with Plaintiff's case, and seek dismissal of the Complaint with prejudice.  Defendants contend that: (1) there are no factual averments to support a claim against the named Defendants; (2) the two-year statute of limitations and the 120-day period provided in Fed. R. Civ. P. 4(m) for effectuating service have expired; (3) the "unnamed police officers" have not been named or served prior to the expiration of these deadlines; and (4) therefore, any attempt to amend the Complaint to assert claims against the

police officers would be untimely.  Defendants represent that they did not receive the earlier summons which Wright says he sent by mail.  Defendants also contend that Wright lacks standing to serve as the plaintiff, as the Complaint alleges harm only to Anita White.  In sum, Defendants seek dismissal of the Complaint with prejudice and contend that any effort to amend the Complaint would be futile.

The Court agrees with Defendants.  As an initial matter, the Complaint does not plead any valid claims against the East Pittsburgh Police Department or Chief Lori Payne.  Under the *Twombly/Iqbal* standard, a plaintiff must allege sufficient facts in the Complaint to render a claim plausible.  There are absolutely <u>no</u> facts alleged in the Complaint regarding the conduct of the named Defendants.  Nor can the Court perceive a valid municipal and/or supervisory liability claim under the facts and circumstances of this case.  Accordingly, the East Pittsburgh Police Department and Chief Lori Payne are entitled to dismissal with prejudice.

The Court also concludes that Wright has not demonstrated "good cause" for failing to comply with the 120-day deadline in Rule 4(m), under the standard recently explained in *Torres v. Beard*, 2012 WL 4326866 (M.D. Pa. 2012).  Wright has offered a valid excuse (the hospital stay) for only a few of the 120 days.  In particular, Wright had relocated to Toledo <u>before</u> the Complaint was filed, see Complaint ¶ 1, and therefore, that relocation does not justify his delay in service.  Indeed, Wright essentially concedes his lack of diligence, in that he inadvertently did not realize that "so much time had passed by."  The Court is aware that the statute of limitations has expired.  Nevertheless, in light of Defendants' objections, the lack of diligence by Wright, and most importantly, the fact that the Complaint does not plead any valid claims against the named Defendants, the Court will not exercise its discretion to extend the deadline for Wright to effect service.

The Court must also consider whether to permit Wright to amend his Complaint to name the police officers as parties.   The Court is mindful that the sufficiency of a pro se pleading must be construed liberally in favor of the plaintiff, even after *Twombly/Iqbal*. *See Erickson v. Pardus*, 551 U.S. 89 (2007); Fed. R. Civ. P. 8(e) ("Pleadings shall be construed so as to do substantial justice.").   Moreover, a court should not dismiss a civil rights complaint with prejudice for failure to state a claim without granting leave to amend, unless it finds bad faith, undue delay, prejudice or futility. *See Grayson v. Mayview State Hosp*., 293 F.3d 103, 110–11 (3d Cir. 2002).

The Court concludes that amendment would be futile under the facts, circumstances and timing of this case.  In *Garvin v. City of Philadelphia,* 354 F.3d 215, 219 (3d Cir. 2003), the Court of Appeals for the Third Circuit explained that replacing a "John Doe" with a party's real name is equivalent to naming of a new party.  "The naming of a John Doe defendant in a complaint does not stop the statute of limitations from running or toll the limitations period as to that defendant."  *Id*. (citing *Talbert v. Kelly*, 799 F.2d 62, 66 n. 1 (3d Cir.1986)).

 The Court explained that an amended complaint will relate back in time to the filing of the initial complaint only if all conditions specified in Fed. R. Civ. P. 15(c) are satisfied.  *Id*. Rule 15(c) (Relation Back of Amendments) provides, in relevant part:

> (c)(1) When an Amendment Relates Back. An amendment to a pleading relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;

> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period

provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

      (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

      (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

An amendment by Wright to properly identify the "unknown police officers" as Defendants would not "relate back" to the date of the original complaint pursuant to Fed. R. Civ. P. 15(c)(3).  On this record, it is undisputed that the officers did not receive notice of the action within the two-year limitations period or the additional 120 days provided by Rule 4(m).  As the Court of Appeals affirmed in *Garvin,* "any amendment of [Wright's] complaint would [be] futile because the amended complaint could not [withstand] a motion to dismiss on the basis of the statute of limitations."  *Id*. at 222.  Accordingly, the Complaint will be dismissed without leave to amend to assert claims against the officers.

An appropriate Order follows.


                                       McVerry, J.

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **EDWARD WRIGHT,** | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v | ) | **2:12-cv-503** |
| | ) | |
| **EAST PITTSBURGH POLICE DEPARTMENT,** | ) | |
| **CHIEF LORI PAYNE and UNKNOWN POLICE** | ) | |
| **OFFICERS,** | ) | |
| **Defendants.** | ) | |
| | ) | |
| | ) | |

## ORDER OF COURT

AND NOW this 24th day of October, 2012, in accordance with the foregoing

Memorandum Opinion, it is hereby ORDERED, ADJUDGED and DECREED that the

Complaint is hereby **DISMISSED WITH PREJUDICE without leave to amend**.  The clerk

shall docket this case closed.


BY THE COURT:

s/Terrence F. McVerry
United States District Judge


cc:     **EDWARD WRIGHT**
        1031 LINCOLN AVE.
        Toledo, OH 43607
        **via first class & certified mail**

        **Paul D. Krepps, Esquire**
        Email: pdkrepps@mdwcg.com

        **Estelle K. McGrath, Esquire**
        Email: ekmcgrath@mdwcg.com