IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| EDWARD WRIGHT,<br>          Plaintiff,<br><br>          v<br>EAST PITTSBURGH POLICE DEPARTMENT,<br>CHIEF LORI PAYNE and UNKNOWN POLICE<br>OFFICERS,<br>          Defendants. | 2:12-cv-503 |

## **MEMORANDUM ORDER**

Pending before the Court is a document filed by pro se Plaintiff Edward Wright which is entitled "Notice of Appeal" (Document No. 15). Based on its content, the Court has interpreted the document as a "Motion for Reconsideration." Defendants have not filed a response, nor has the Court required them to do so.

Factual and Procedural Background

On April 18, 2010 a car driven by Plaintiff's wife, Anita White, was subject to a traffic stop by an unknown East Pittsburgh police officer. Plaintiff alleges that the officer refused to allow Ms. White to continue to drive the vehicle and forced her to walk on a dangerous stretch of highway. The Complaint further alleges that Ms. White was arrested for disorderly conduct later that evening and had unexplained injuries to her face. In addition, the Complaint alleges that unknown police officers failed to transport Ms. White to the nearest hospital when she experienced chest pains. Ms. White allegedly died later that evening.

On April 17, 2012 – the day prior to the expiration of the statute of limitations -- Wright filed a pro se motion to proceed in forma pauperis, with an attached Complaint. Named as

Defendants were the East Pittsburgh Police Department, Chief Lori Payne, and "unknown police officers."  By Order dated August 2, 2012, the Court denied Wright's request for appointment of counsel.  On September 5, 2012, with the Plaintiff having failed to serve the summons and complaint upon any defendant within 120 days after the filing of the Complaint, the Court issued an Order to Show Cause why this case should not be dismissed.

In his one-page response, Wright acknowledged that he had missed the 120-day time limit by two days.  He explained that he had mailed out the summons; waited for a response; relocated to Toledo, Ohio; suffered from unspecified medical problems which resulted in a three-day hospital stay; and helped his daughter "with getting my grandson in school."  Wright also explained that he did not realize so much time had passed by.  He asked the Court to allow him to proceed with his case.  Defendants contended that there were numerous flaws with the case, such that it should be dismissed.

In a Memorandum Opinion and Order dated October 24, 2012, the Court concluded that the case should be dismissed with prejudice without leave to amend.  To briefly summarize, the Court concluded that Plaintiff had not stated valid claims against the East Pittsburgh Police Department or Chief Lori Payne – the two Defendants actually named in the Complaint – essentially because they were not alleged to be directly involved in the events of April 18, 2010.  The Court also concluded that Plaintiff would not be permitted to pursue claims against the "unknown police officers," even if they were properly identified, because the applicable time limits had expired.  Thus, the Complaint was dismissed and the case was closed.  The instant motion followed.

Standard of Review

The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Cafe ex-rel Lou—Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (*citing Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir.1985)). It is well-established that a party must overcome a high hurdle to succeed in such a motion. A court should exercise its discretion to alter or amend its judgment only if the movant demonstrates: (1) a change in the controlling law; (2) a clear error of law or fact or to prevent manifest injustice; or (3) availability of new evidence not available when the judgment was granted. *See id*. Motions for reconsideration are not intended to provide a "second bite at the apple" or to provide a mechanism for losing parties to ask the Court to rethink its decision.

Discussion

In the instant motion, Wright asks that the case be resolved on its merits; seeks the name of the "officer at fault" so that a proper subpoena may be issued; and asks the Court to extend the statute of limitations for one year. Wright contends that it is not fair to resolve the case on a "service issue" as opposed to the merits of the case.

This Court does not have the authority to extend the statute of limitations. The two-year limitations period was established by statute by the Commonwealth of Pennsylvania. *See* 42 Pa.C.S.A. § 5524. As the Supreme Court explained in *Shady Grove Orthopedic Associates, P.A. v. Allstate Ins. Co*., "statutes of limitations, although in some sense procedural rules, can also be understood as a temporal limitation on legally created rights." 130 S. Ct. 1431, 1453 (2010) (Stevens, J., concurring). Under Pennsylvania law, Wright no longer has a legal right to pursue claims against the unknown police officers. Thus, those claims have, in a sense, been resolved

3

"on the merits." The Court also evaluated Wright's claims against the East Pittsburgh Police Department and Chief Lori Payne "on the merits." The Court adheres to its decisions.

In accordance with the foregoing, the Notice of Appeal/Motion for Reconsideration (Document No. 15) is **DENIED**.

SO ORDERED this 27th day of November, 2012.

BY THE COURT:

s/Terrence F. McVerry
United States District Judge

cc: **EDWARD WRIGHT**
1031 LINCOLN AVE.
Toledo, OH 43607
**via first class & certified mail**

**Paul D. Krepps, Esquire**
Email: pdkrepps@mdwcg.com

**Estelle K. McGrath, Esquire**
Email: ekmcgrath@mdwcg.com